## LABRUZZO v. CATALINA.
### No. 2400.

Court of Civil Appeals of Texas. Waco.
Feb. 26, 1942.

Rehearing Denied March 26, 1942.

Bartlett & Bartlett, of Marlin, and Elias Bowsky, of New Orleans, La., for appellant.

Cecil R. Glass, of Marlin, for appellee.

HALE, Justice.

J. W. Catalina sued Tony Labruzzo in trespass to try title, involving 89 acres of land in Falls county, Texas. Defendant answered with a plea of not guilty. The case was tried before the court without a jury and resulted in judgment for plaintiff. Defendant has appealed. A correct disposition of the cause turns upon the construction of a will in the chain of title and the probate proceedings relating thereto.

It was agreed that Mariano Sancetta was the common source of title. On January 1, 1908, Sancetta conveyed the 89 acres to B. Catalina, who, at that time, was the husband of Nicolina Catalina, both having been previously married. On August 9, 1916, Nicolina Catalina, died testate, leaving two children by her former marriage. Her will was duly admitted to probate and, with its formal parts omitted, was substantially as follows:

"After paying all my debts and legal obligations now owing by myself, I hereby will and demise to my son, Tony Labruzzo, the sum of $25.00 in cash, the same to be paid to him on demand by my son-in-law and daughter, Nick Carmado and Mary Carmody."

"The remainder of my estate, which at present consists of one-fifth (⅕th) interest in 89 acres of land lying and being situated in Falls county, Texas, * * * and a one-ninth (⅑th) interest in one certain brick building, * * * I hereby will and bequeath to my daughter, Mary Camardo, wife of Nick Carmardo."

"For the purpose of carrying out the provisions of this my will, I hereby ap-

point and designate my son-in-law, Nick Carmardo, as my executor, and direct that he be not required to execute a bond as said executor."

Nick Carmordo qualified as executor and filed an inventory and appraisement in the probate court, which was approved. He listed in the inventory as community property of the deceased, among other things, "her undivided property interest in certain acreage located near Highbanks, in Falls county, Texas, consisting of 89 acres in said tract, and her undivided interest being about 17½ acres." Thereafter, the executor made application to sell "all of the real and personal property belonging to this estate" for the purpose of paying its debts and effecting a partition, describing said property in the same language employed in the inventory. The application was granted and sale was regularly made to B. Catalina of "the entire properties belonging to said estate" for the sum of $1,323 in cash. On April 13, 1917, Mary Comardo joined her husband as executor in the execution of the deed of conveyance evidencing the sale, the property conveyed being described as in the inventory, application and probate orders aforesaid. B. Catalina devised the property to appellee, who was a son by his previous marriage. The father and son have paid all taxes due on said property and have had peaceable, adverse and exclusive possession thereof since the executor's sale. Appellant was a grown man and had left this State at the time of his mother's death. He did not assert any right, title or interest in the property at any time prior to the institution of this suit.

Having set out the foregoing facts in his findings, the trial court concluded that under the terms of the will of Nicolina Catalina, all the residue of her estate, after the payment of her debts and the specific bequest of $25 to appellant, passed to and vested in Mary Comardo; that the sale, as evidenced by the probate proceedings and by the joint deed of the executor and his wife, passed good title into B. Catalina of whatever interest Nicolina Catalina might have had in and to the 89 acres at the time of her death.

By his first proposition, appellant asserts that the trial court erred in rendering judgment on the ground that appellee had peaceable, adverse and exclusive possession of the premises in question, because the petition of appellee did not allege title by adverse possession and limitation. While the trial court did find specifically that appellee and his father had held such possession of the premises for more than twenty years, we think the court's conclusions of law show that the judgment was not grounded upon that finding of fact. Furthermore, in our opinion, such finding was not essential to sustain the judgment as rendered for the reasons hereafter discussed. Therefore, appellant's first proposition is overruled.

By his remaining propositions, appellant contends that the deceased owned an undivided one-half interest in the 89 acres at the time of her death; that she only bequeathed a one-fifth interest in said property to her daughter and that the executor of her estate only conveyed a one-fifth interest in said land; and since he and his sister are the sole surviving heirs at law of his deceased mother, he was and is entitled to an undivided three-twentieths interest in said land. We cannot agree with these contentions. Appellant did not testify or introduce any evidence on the trial. The court found that the second paragraph of the will which we have quoted was intended by the testatrix as a general residuary provision and that the same passed whatever title the executrix might have had into her daughter, Mary. As stated in appellant's brief: "The intention of the testator is the thing to be arrived at in construing a will, and all rules of construction are simply means of arriving at such intention." We think it clearly appears from the will as a whole, when considered in the light of the evidence adduced, that it was the intention of the testatrix to thereby bequeath all of the property which she might own at the time of her death to her daughter, Mary, subject alone to the payment of her debts and the special bequest of $25 to her son, Tony. The fact that appellant did not attempt to assert any right inconsistent with such intention for more than twenty years, and did not attempt on the trial to explain his tacit acquiescence, indicates that he also placed the same construction upon the will. But if there was any ambiguity or doubt as to its true intent and meaning, then the intention of the testatrix presented an issue which the trial court has specifically resolved in favor of appellee, and this court cannot say that such finding is without proper support in the evidence. Mary

Comardo admittedly conveyed to her step-father whatever interest she had acquired in her deceased mother's estate.

■ Moreover, we are of the opinion that the executor's deed was intended by all parties at interest to convey to B. Catalina whatever right, title or interest his deceased wife had in any and all property at the time of the latter's death, and that the same did in fact and in law accomplish that purpose. Macmanus v. Orkney, 91 Tex. 27, 40 S.W. 715.

Finding no reversible error in the case, the judgment of the trial court is affirmed.